**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| WILLIE M. McCAIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-250 TLS |
| ) | |
| MIKE SPAULDING, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Willie M. McCain, Jr., a pro se plaintiff, filed a Complaint [ECF No. 1] containing the same claims against the same four defendants that were dismissed in *McCain v. Spaulding*, No. 1:09-cv-330 (N.D. Ind. Dec. 28, 2009). A district court is to dismiss a case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid . . . [if] the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Here, McCain claims:

> 1. On 7-11-08 at 1430 HRS I was [in] Courtesy Economy Inn room 207, 1370 N. Baldwin Ave, Marion, IN when the Drug Task Force sent a C.I. 863 at me to sale some drugs to her but the drugs she buy she smoke half of it.
> 2. That they should never had pick me up cause they never had probable cause determination to pick me up went the judge.

Compl. 3. The Court has already addressed these claims on the merits in a separate case filed by the Plaintiff. In the Order of dismissal, the Court explained:

> The facts available to the police before they requested a search warrant for McCain's apartment are stated in the "Prosecutive Report" dated July 11, 2008.[1] According to the Prosecutive Report, on July 11, 2008, Detective Spaudling was advised by a confidential informant ("CI") that a black male named Will was selling cocaine from Room 207 of the Economy Inn. Detective Spaulding provided $50.00 to the CI, searched the CI to ensure the CI had no drugs, fitted

---

[1] The Prosecutive Report is also attached to the Plaintiff's Complaint in this case. (Compl. 10.)

> the CI with an electronic device, and watched while the CI met a black male in the Economy Inn Parking Lot and followed him into the hotel.
>
> When the CI left the hotel, the CI handed Detective Spaulding a piece of "off-white rock substance," which tested positive for cocaine. Later that afternoon, Detective Spaudling met with the Economy Inn manager, who stated that Room 207 had been rented to a black male named Willie McCain, Jr., [sic] Detective Spaulding obtained a booking photograph of Willie McCain Jr., and the manager identified the photograph as being the black male who had rented Room 207.
>
> A finding of probable cause does not require evidence sufficient for a conviction. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "Only the probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause." *Id.,* quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969). The Grant Superior Court found probable cause to exist when it issued the search warrant, and the Prosecutive Report establishes that sufficient probable cause existed for the issuance of a search warrant for Room 207 of the Economy Inn.

(*McCain v. Spaulding*, No. 1:09-cv-330 (N.D. Ind. Dec. 28, 2009), Order 5–6, Dec. 28, 2009, ECF No. 3.) Consequently, the doctrine of *res judicata* bars this case. "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

For the foregoing reasons, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on September 2, 2010

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT